

FILED

JUL 1 6 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           ᴋɴʙ    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ARCHANGEL,<br><br>                 Petitioner,<br>vs.<br><br>STATE OF CALIFORNIA,<br><br>                 Respondent. | Civil No. 13-CV-1201 BEN (RBB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Docket No. 2] |

      This matter is before the Court on Plaintiff's Motion to Appoint Counsel pursuant to the 1964 Civil Rights Act, 42 U.S.C. 2000e-5(f)(1). (Docket No. 2.) For the reasons stated below, the Court **DENIES** the motion without prejudice.

      Plaintiff does not have a constitutional right to appointed counsel in an employment discrimination case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, the 1964 Civil Rights Act does provide for appointment of counsel "in such circumstances as the court may deem just."

*Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Factors relevant to the determination of whether appointment of counsel is warranted are: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw*, 662 F.2d at 1318 (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308-10 (5th Cir. 1977)). "The plaintiff has the burden of proof and must meet all three factors." *Reddy v. Precyse Solutions LLC*, 12-CV-2061, 2013 WL 2603413, at *1 (E.D. Cal. June 11, 2013).

### 1. Financial Resources

Plaintiff fails to show that he lack the financial resources to hire counsel. Plaintiff indicates that he earns $7,800 per month and that his wife earns $4,600 per month. Plaintiff owns two vehicles and has $7,000 in savings. Plaintiff paid $400 to commence this action. Based on that information, the Court is not persuaded that Plaintiff cannot afford counsel.

### 2. Efforts to Secure Counsel

Plaintiff contends that he has used "several" attorney referrals and attorney call centers. He lists three attorneys whom he contacted over a three day period and states that none would take his case. From Plaintiff's declaration, however, it is not clear what arrangements were discussed or whether these attorneys handle employment discrimination cases. Indeed, one apparently declined because it was "not in line with her practice." (Mot. for Appointment of Counsel at 3.) The others refused because the "state does not pay enough for this type of case" and because "[he] would not make enough money to pay his bills." (*Id.*) Although Plaintiff is not expected to "exhaust the legal directory," *Bradshaw*, 662 F.2d at 1319, he is expected to make a reasonably diligent effort to obtain counsel. Based on the information provided, the Court is not persuaded he has done so.

//

### 3. Merits of the Case

In his motion for appointment of counsel, Plaintiff presents no argument that his claim is meritorious; he simply declares that it is. Plaintiff's complaint, including attachments, is 217 pages long. The gist is that his employer, the State of California, violated Title VII of the Civil Rights Act by retaliating against him for filing a sexual harassment complaint. The Equal Employment Opportunity Commission ("EEOC") was "unable to conclude the information obtained establishes violations of statute." (Compl, Ex. A, ECF No. 1-1.) At this juncture, the Court is not convinced that Plaintiff's claims are sufficiently meritorious to warrant the appointment of counsel.

As Plaintiff fails to satisfy the *Bradshaw* factors, his motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: July /5, 2013

HON. ROGER T. BENITEZ
United States District Court Judge